**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**
**Grand Jury Sworn in on May 3, 2018**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.** |
| | : | |
| **v.** | : | **Grand Jury Original** |
| | : | |
| **ROWENA JOYCE SCOTT,** | : | |
| | : | **18 U.S.C. § 1343 (Wire Fraud);** |
| | : | **22 D.C. Code § 3223(b)(5), (d)(2) (Credit** |
| | : | **Card Fraud);** |
| | : | **26 U.S.C. § 7206(1) (Filing False Income** |
| | : | **Tax Returns);** |
| | : | **26 U.S.C. § 7203 (Willful Failure to File** |
| **Defendant.** | : | **Tax Returns); and** |
| | : | **18 U.S.C. § 981(a)(1)(C), 21 U.S.C.** |
| | : | **§ 853(p), 28 U.S.C. § 2461(c) (Criminal** |
| | : | **Forfeiture).** |

# I N D I C T M E N T

The Grand Jury charges that:

## Introduction

At all times material to this Indictment:

1.      Organization A was a non-profit, non-member corporation that owned and operated Apartment Complex 1, an apartment complex located in Washington, D.C.

2.      According to its articles of incorporation, Organization A was required to "be operated exclusively for charitable purposes, including... making adequate housing available to poor and underprivileged residents of the [Apartment Complex 1] neighborhood of Washington, D.C."

3.      The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for reviewing and monitoring charitable organizations

1

seeking tax-exempt status under Title 26, United States Code, Section 50l(c)(3), as well as responsible for reviewing the tax-exempt status of charitable organizations using the organizations' annually filed forms and occasional audits. The IRS was also responsible for the ascertainment, computation, assessment, and collection of federal income taxes of individuals and for-profit companies.

4.      After obtaining tax-exempt status under Section 50l(c)(3), a charitable organization was required to file with the IRS a Form 990, "Return of Organization Exempt from Income Tax" ("Form 990") each year in which its contributions exceeded $25,000. Forms 990 were publicly available documents, used by the IRS to determine whether an organization granted a tax exemption under Section 50l(c)(3) was operating in accordance with IRS regulations and thus still qualified for its tax exempt status.

5.      Organization A held Section 501(c)(3) tax exempt status.

6.      According to Organization A's bylaws, Organization A was to be managed and controlled by a board of five to nine directors.

7.      According to Organization A's bylaws, the directors were to be elected bi-annually by the residents of Apartment Complex 1, through an election conducted by an independent agent selected by the board of directors.

8.      According to Organization A's articles of incorporation, no compensation was to be paid to any members or officers of the Organization A board of directors, except "to pay reasonable compensations for services actually rendered and to make payments and distributions in furtherance of [Organization A's charitable purposes]."

9.      Defendant ROWENA JOYCE SCOTT resided in Apartment Complex 1 without paying any rent.

10.     SCOTT served as the president/director of the board of directors of Organization A and as a property manager of Apartment Complex 1.

11.     SCOTT used her authority as the president/director of Organization A to open and maintain six Organization A bank accounts at Industrial Bank and Wachovia National Bank (which was acquired by Wells Fargo & Company in 2008 and will hereafter be referred to only as "Wells Fargo").

12.     SCOTT was the primary signatory for Organization A's six bank accounts at Industrial Bank and Wells Fargo.

13.     SCOTT authorized the issuance of debit cards for Organization A's bank accounts in her name and her name only.

## COUNTS ONE THROUGH THREE
### (Wire Fraud)

14.     The allegations contained in paragraphs one through thirteen are incorporated herein by reference as if stated in full.

15.     Between on or about January 1, 2010, and on or about May 31, 2014, in the District of Columbia and elsewhere, the defendant, ROWENA JOYCE SCOTT, devised and intended to devise a scheme to defraud and to obtain money and property from Organization A by means of materially false and fraudulent pretenses, representations, and promises, by making and causing to be made false statements to Organization A bookkeepers, to the Organization A board of directors, to the IRS, and to others, as more fully described below.

### Purpose of the Scheme to Defraud

16.     It was a purpose of the scheme to defraud that SCOTT would steal, purloin, convert, and embezzle funds belonging to Organization A for her own personal benefit and use.

3

**Manner and Means**

17.     The manner and means of this scheme to defraud included the following acts and omissions, which were taken and made by SCOTT between on or about January 1, 2010, and on or about May 31, 2014:

   a.   SCOTT directed that more than forty payments from Organization A bank accounts be deposited directly into her own personal bank accounts.

   b.   SCOTT issued and directed the issuance of more than fifty checks from Organization A bank accounts, made out in SCOTT's name, which checks SCOTT cashed and deposited into her own bank accounts.

   c.   SCOTT made and caused to be made more than one hundred automated teller machine ("ATM") cash withdrawals from Organization A bank accounts.

   d.   SCOTT issued and directed the issuance of approximately five checks from Organization A bank accounts that were written out to "cash," which checks SCOTT cashed herself.

   e.   SCOTT made and caused to be made more than sixty cash withdrawals from Organization A bank accounts through bank tellers.

   f.   SCOTT collected and used the money from the transactions described in sub-paragraphs (a) through (e) above for her own personal benefit. The money from these transactions totaled more than any compensation SCOTT was entitled to collect for her work for Organization A and Apartment Complex 1.

   g.   SCOTT used Organization A debit cards and checks to make and cause to be made more than fifty payments, totaling more than $18,000, to third parties, for her own personal expenses, to include payments for clothing, beauty supplies and treatment,

car insurance, a vacation, and supporting the ministry she operated in the Organization A common room (which was not sponsored by or affiliated with Apartment Complex 1 or Organization A). SCOTT was not authorized to use the funds of Organization A and Apartment Complex 1 for purely personal transactions such as these.

h.  SCOTT provided false and fraudulent purported justifications for some of the transactions described in sub-paragraphs (a) through (e) and (g) above to Organization A's bookkeeping staff, and SCOTT failed to provide any justification for other transactions, and as a result, the bookkeeping staff made inaccurate entries in Organization A's internal accounting system regarding some of these transactions and failed to document other transactions at all.

i.  As a result of this inaccurate bookkeeping, Organization A consistently underreported SCOTT's compensation on the Forms 990 it filed with the IRS.

j.  SCOTT underreported the amount of income she was receiving from Organization A on some of the Forms 1040 U.S. Individual Tax Returns that she filed during this period, and in other years, SCOTT failed to file a tax return at all.

k.  SCOTT functioned simultaneously as a director, president, and property manager of Organization A/Apartment Complex 1, despite recommendations from a property management consultant, outside auditor, and bookkeeper to segregate duties and implement internal controls.

l.  SCOTT failed to follow the requirements in Organization A's articles of incorporation and by-laws by not always conducting open elections for the board of directors (among the residents of Apartment Complex 1) and instead appointing

some board members by herself.

m. Many of the board members appointed by SCOTT lacked and were not given

sufficient training and experience, to exercise meaningful oversight over SCOTT's

management of Organization A's finances, property, and activities.

### Execution of the Scheme

18.    On or about the dates listed below, in the District of Columbia and elsewhere,

SCOTT, for the purpose of executing and attempting to execute the above-described scheme to

defraud, did willfully cause to be transmitted by means of wire communication in interstate

commerce, into and through the District of Columbia, certain writings, signals, and sounds, that is,

the items listed below:

| Count | Date (Approx.) | Description |
|-------|----------------|-------------|
| ONE | 2/4/2014 | SCOTT withdrew $4,115.00 from Organization A's Wells Fargo bank account ending in 1856, through a transaction at a Wells Fargo branch located in Washington, D.C., and in processing the transaction, computers at the branch connected electronically with Wells Fargo computers/servers located outside the District of Columbia. |
| TWO | 3/4/2014 | SCOTT withdrew $4,210.00 from Organization A's Wells Fargo bank account ending in 1856, through a transaction at a Wells Fargo branch located in Washington, D.C., and in processing the transaction, computers at the branch connected electronically with Wells Fargo computers/servers located outside the District of Columbia. |
| THREE | 5/5/2014 | SCOTT withdrew $2,250.00 from Organization A's Wells Fargo bank account ending in 1856, through a transaction at a Wells Fargo branch located in Washington, D.C., and in processing the transaction, computers at the branch connected electronically with Wells Fargo computers/servers located outside the District of Columbia. |

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343).**

## COUNT FOUR
### (Credit Card Fraud)

19.     The allegations contained in paragraphs one through thirteen are incorporated herein by reference as if stated in full.

20.     Between on or about January 1, 2010, and on or about May 31, 2014, within the District of Columbia and elsewhere, the defendant, ROWENA JOYCE SCOTT, with intent to defraud, obtained and paid for property and services of a value of $1,000 or more by knowingly using for her own purposes a credit card of Organization A, and the number on and description of said credit card, which was issued to and provided to SCOTT by and at the request of Organization A, who was SCOTT's employer at the time, to be used only for Organization A's purposes.

21.     The property and services obtained and paid for by SCOTT, as described in paragraph twenty, included the following:

    a.   On or about August 19, 2010, SCOTT paid The Church Plaza Companies $2,395.00;

    b.   On or about November 9, 2010, SCOTT paid The Church Plaza Companies $2,395.00;

    c.   On or about September 22, 2010, SCOTT paid Breakthrough Bible College $1,000.00;

    d.   On or about December 1, 2010, SCOTT paid the District of Columbia Department of Motor Vehicles $125.00;

    e.   On or about May 4, 2011, SCOTT paid the District of Columbia Department of Motor Vehicles $300.00;

    f.   On or about February 14, 2014, SCOTT paid the District of Columbia Department of Motor Vehicles $1,234.00;

    g.   On or about December 23, 2011, SCOTT paid Allentown Rent All $395.72;

h.  On or about November 19, 2012, SCOTT paid Allentown Rent All $19.00;

i.  On or about November 19, 2012, SCOTT paid Allentown Rent All $421.80;

j.  On or about May 6, 2013, SCOTT paid Allentown Rent All $186.85;

k.  On or about March 8, 2013, SCOTT paid Chesapeake Beach Resort & Spa $992.34;

l.  On or about March 15, 2013, SCOTT paid Chesapeake Beach Resort & Spa $340.00;

m.  On or about March 18, 2013, SCOTT paid Chesapeake Beach Resort & Spa $16.94;

n.  On or about March 18, 2013, SCOTT paid Chesapeake Beach Resort & Spa $36.11;

o.  On or about March 18, 2013, SCOTT paid Chesapeake Beach Resort & Spa $549.45;

p.  On or about April 15, 2013, SCOTT paid Chesapeake Beach Resort & Spa $7.20;

q.  On or about April 15, 2013, SCOTT paid Chesapeake Beach Resort & Spa $28.66;

r.  On or about August 28, 2012, SCOTT paid GEICO insurance company $181.59;

s.  On or about September 28, 2012, SCOTT paid GEICO insurance company $182.59;

t.  On or about October 29, 2012, SCOTT paid GEICO insurance company $182.59;

u.  On or about November 28, 2012, SCOTT paid GEICO insurance company $182.59;

v.  On or about December 28, 2012, SCOTT paid GEICO insurance company $182.55;

w.  On or about January 28, 2013, SCOTT paid GEICO insurance company $167.98;

x.  On or about February 28, 2013, SCOTT paid GEICO insurance company $170.90;

y.  On or about March 28, 2013, SCOTT paid GEICO insurance company $170.90;

z.  On or about September 25, 2013, SCOTT paid GEICO insurance company $131.09;

aa. On or about January 13, 2014, SCOTT paid GEICO insurance company $75;

bb. On or about February 13, 2014, SCOTT paid GEICO insurance company $141.97;

cc. On or about March 14, 2014, SCOTT paid GEICO insurance company $136.97;

dd. On or about April 14, 2014, SCOTT paid GEICO insurance company $141.97;

ee. On or about May 14, 2014, SCOTT paid GEICO insurance company $141.97;

ff. On or about July 12, 2010, SCOTT paid The Shoe Parlor $142.04;

gg. On or about September 22, 2010, SCOTT paid The Shoe Parlor $200.34;

hh. On or about December 10, 2012, SCOTT paid Nordstrom Rack $109.41;

ii. On or about December 24, 2012, SCOTT paid Nordstrom Rack $252.40;

jj. On or about January 2, 2013, SCOTT paid Modern Wigs & Beauty $7.39;

kk. On or about January 10, 2013, SCOTT paid Travelers Personal $142;

ll. On or about March 11, 2013, SCOTT paid Scott's Beauty Center $36.99;

mm.    On or about March 13, 2013, SCOTT paid Rod & Reel Restaurant $112.15;

nn. On or about March 15, 2013, SCOTT paid Trader's Seafood Steak & Ale $74.61;

oo. On or about August 27, 2013, SCOTT paid Touch of Heaven $243.00;

pp. On or about September 3, 2013, SCOTT paid Touch of Heaven $90.00;

qq. On or about September 18, 2013, SCOTT paid Touch of Heaven $257.58;

rr. On or about September 13, 2013, SCOTT paid Secrets of Nature $78.50;

ss. On or about September 23, 2013, SCOTT paid Secrets of Nature $189.50; and

tt. On or about January 21, 2014, SCOTT paid Secrets of Nature $30.00.

**(Credit Card Fraud, in violation of 22 D.C. Code, Section 3223(b)(5),(d)(2)).**

## COUNT FIVE
### (Filing False Income Tax Return - 2011)

22.     The allegations contained in paragraphs one through thirteen of this Indictment are incorporated herein by reference as if stated in full.

9

23.     On or about September 10, 2016, in the District of Columbia, ROWENA JOYCE

SCOTT, a resident of the District of Columbia, did willfully make and subscribe a 2011 Form 1040

U.S. Individual Tax Return, which was verified by a written declaration that it was made under the

penalties of perjury and which SCOTT did not believe to be true and correct as to every material

matter. That 2011 Form 1040 U.S. Individual Tax Return, which was filed with the Director,

Internal Revenue Service Center, at Kansas City, Missouri, stated that SCOTT earned $37,115 in

income, whereas, as SCOTT then and there knew, SCOTT in fact earned at least $100,000 in

taxable income that year.

**(Filing False Income Tax Return, in violation of 26 U.S.C. § 7206(1)).**

### COUNT SIX
**(Willful Failure to File Income Tax Return - 2012)**

24.     The allegations contained in paragraphs one through thirteen of this Indictment are

incorporated herein by reference as if stated in full.

25.     During the calendar year 2012, ROWENA JOYCE SCOTT, who was a resident of

the District of Columbia, had and received gross income of approximately $100,000. By reason of

such gross income, SCOTT was required by law, following the close of the calendar year 2012 and

on or before April 15, 2013, to make an income tax return to the Internal Revenue Service Center,

at Kansas City, Missouri, to a person assigned to receive returns at the local office of the Internal

Revenue Service at Kansas City, Missouri, or to another Internal Revenue Service office permitted

by the Commissioner of Internal Revenue, stating specifically the items of her gross income and

any deductions and credits to which she was entitled. Well knowing and believing all of the

foregoing, SCOTT did willfully fail, on or about April 15, 2013, in the District of Columbia and

elsewhere, to make an income tax return.

**(Willful Failure to File Income Tax Returns, in violation of 26 U.S.C. § 7203).**

### COUNT SEVEN
**(Filing False Income Tax Return - 2013)**

26.     The allegations contained in paragraphs one through thirteen of this Indictment are incorporated herein by reference as if stated in full.

27.     On or about August 19, 2014, in the District of Columbia, ROWENA JOYCE SCOTT, a resident of the District of Columbia, did willfully make and subscribe a 2013 Form 1040 U.S. Individual Tax Return, which was verified by a written declaration that it was made under the penalties of perjury and which SCOTT did not believe to be true and correct as to every material matter. That 2013 Form 1040 U.S. Individual Tax Return, which was filed with the Director, Internal Revenue Service Center, at Kansas City, Missouri, stated that SCOTT earned $61,897 in income, whereas, as SCOTT then and there knew, SCOTT in fact earned at least $80,000 in taxable income that year.

**(Filing False Income Tax Return, in violation of 26 U.S.C. § 7206(1)).**

### COUNT EIGHT
**(Willful Failure to File Income Tax Return - 2014)**

28.     The allegations contained in paragraphs one through thirteen of this Indictment are incorporated herein by reference as if stated in full.

29.     During the calendar year 2014, ROWENA JOYCE SCOTT, who was a resident of the District of Columbia, had and received gross income of approximately $50,000. By reason of such gross income, SCOTT was required by law, following the close of the calendar year 2014 and on or before April 15, 2015, to make an income tax return to the Internal Revenue Service Center, at Kansas City, Missouri, to a person assigned to receive returns at the local office of the Internal

Revenue Service at Kansas City, Missouri, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of her gross income and any deductions and credits to which she was entitled. Well knowing and believing all of the foregoing, SCOTT did willfully fail, on or about April 15, 2015, in the District of Columbia and elsewhere, to make an income tax return.

**(Willful Failure to File Income Tax Returns, in violation of 26 U.S.C. § 7203).**

## FORFEITURE ALLEGATION

1.      Upon conviction of any of the offenses alleged in Counts One through Three, the defendant, ROWENA JOYCE SCOTT, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title**

21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c)).

A TRUE BILL

FOREPERSON

ALESSIO D. EVANGELISTA
ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA
ACTING UNDER AUTHORITY CONFERRED BY 28 U.S.C. § 515